UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-22048-CIV COOKE/BANDSTRA

JEAN-MARC VUJASIN,
DAVY VUJASIN,

    *Plaintiffs*,

v.

CHEF VINCENT, INC.,
VINCENT THILLOY

    *Defendants*,
_____/

## ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**THIS MATTER** is before the court upon Defendant Vincent Thilloy's ("Thilloy") Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 9].

### I. Introduction

This case involves an alleged fraud in the sale of "Chef Vincent" (the "Restaurant") located within the Colony Hotel (the "Hotel") at 736 Ocean Drive in Miami Beach, Florida. For purposes of this motion, the only relevant facts are those that pertain to the jurisdictional basis for this action. The facts regarding the terms of the contract and whether any alleged fraud occurred are secondary to the issues of jurisdiction, and will therefore not be discussed here. The issues to be addressed are the nature of the transaction and facts about the domiciles of the parties relevant to the diversity jurisdiction analysis.

### II. Facts

Thilloy resides at 3322 Chase Avenue, Miami Beach, Florida. He entered into a lease

agreement (the "Lease") with the Hotel to operate the Restaurant on March 7, 2007. Thilloy originally formed Defendant Chef Vincent, Inc. ("Chef Vincent") on March 9, 2007. Chef Vincent has its principal place at 736 Ocean Drive in Miami Beach, Florida, and was created by Thilloy, under Florida law, to own, operate and manage the Restaurant. According to the Articles of Incorporation, Chef Vincent was authorized to issue 500 shares of stock with a par value of $1.00. Prior to the sale at issue in this suit, Thilloy owned all the shares. There is no evidence that the shares were ever used to pay dividends or create a system of voting rights for the holders. On April 12, 2007, Thilloy assigned the Lease to Chef Vincent, with the consent of the Hotel.

On October 30, 3007, Thilloy sold all of his shares and ownership of Chef Vincent to Plaintiffs Jean-Marc Vujasin ("Jean-Marc") and Davy Vujasin ("Davy") for $800,000. The Vujasins are both citizens of France, but also have homes in Florida. Jean-Marc lives with his wife at 650 West Avenue, Miami Beach, Florida, and Davy lives at 90 Alton Road, Miami Beach, Florida.. After the transaction for the sale of Chef Vincent, Jean-Marc and Davy began to operate the Restaurant, and claim that they have subsequently discovered several material misrepresentations made by Thilloy. Since I am not dealing with the merits of the claims here, it is unnecessary to delve into the specifics of the causes of action. For the purposes of this motion, it is only relevant that plaintiffs allege that this transaction involved securities fraud under Rule 10(b)-5 of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. §78a.

### III.     12(b)(1) Standard

When adjudicating a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a court may be required to make a factual determination whether

jurisdiction is proper. *Eldeeb v. Chertoff*, 2007 WL 2209231, at *6 (M.D.Fla. 2007) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). This court has the latitude to assess the facts of this case to decide the issue of jurisdiction.

> When a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts . . . no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.

*Turcios v. Delicias Hispanas Corp.*, 275 Fed.Appx. 879, 880 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). So long as the elements of the underlying cause of action are not put into question, this court is free to weigh the evidence. *Moody v. Gates*, 2008 WL 2038260, slip op. at *3 (N.D.Fla. 2008) (citing *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999)). Here, the court is making no judgment as to the merits of plaintiffs' claims.

**IV.   Discussion**

In order for a federal court to have jurisdiction over a claim, a case or controversy must satisfy one of two threshold requirements. First, it can arise under the Constitution, federal law or a federal treaty. 28 U.S.C. §1331. Alternatively, the claim belongs in federal court if the amount in controversy exceeds a set statutory minimum and the parties are diverse. *See* 28 U.S.C. §1332. This diversity requirement is satisfied if the parties are citizens of different states, or one is a citizen of a state and the other is a citizen of a foreign country. 28 U.S.C. §1332(a)(1-2). Here, the plaintiffs claim both federal question and diversity jurisdiction exist, while Thilloy claims neither is appropriate.

Securities Classification

The only violation of federal law alleged by plaintiffs is a violation of Rule 10(b)-5 of the 1934 Act.  To decide whether this case arises under federal law, I must first decide whether this transaction is deemed to involve securities and is governed by the 1934 Act.  "To reach the question of an alleged violation of the anti-fraud provisions of the Securities Acts, the transaction at issue must involve a 'security' as defined in [the] 1934 Act." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1286 (11th Cir. 2007).  Although the term security is defined in the 1934 Act as "any stock", that definition follows the words "unless the context otherwise requires".  15 U.S.C. §79c(a).  "It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute . . . ."  *Holy Trinity Church v. United States*, 143 U.S. 457, 459 (1892).  The question is whether this transaction involved "stocks" in name only or was the type of substantive sale that the 1934 Act was intended to cover.[1]

The transaction here did involve the transfer of 500 units of stock in Chef Vincent.  However, the mere fact that the instrument that effectuated the transfer of Chef Vincent was called "stock" does not mean that it falls within the purview of the 1934 Act.  "As we also recognized in [*United Hous. Found., Inc. v. Forman*, 421 U.S. 837 (1975)] the fact that instruments bear the label 'stock' is not of itself sufficient to invoke the coverage of the Acts."  *Landreth Timber Co. v. Landreth*, 471 U.S. 681. 686 (1985).  The *Forman* test for whether a

---

[1] Justice Powell best explains the purpose of the Acts:
The primary purpose of the Acts of 1933 and 1934 was to eliminate serious abuses in a largely unregulated securities market.  The focus of the Acts is on the capital market of the enterprise system: the sale of securities to raise capital for profit-making purposes, the exchanges on which securities are traded, and the need for regulation to prevent fraud and to protect the interest of investors.  Because securities transactions are economic in character Congress intended the application of these statutes to turn on the economic realities underlying a transaction, and not on the name appended thereto. *Forman*, 421 U.S. at 849.

stock actually possesses the necessary characteristics to invoke coverage of the 1934 Act contains five parts. They are: 1) whether the stock pays dividends according to profits; 2) whether the stock is negotiable; 3) whether the stock cannot be pledged or hypothecated; 4) whether the stock confers voting rights based upon the number of shares owned; and 5) whether the stocks can appreciate in value. *Forman*, 421 U.S. at 851. "The touchstone is the presence of a common venture premised on a reasonable expectation of profits to be derived from the entrepeneurial or managerial efforts of others." *Id.* at 852. In this case, plaintiffs have not argued that the stocks in question possess any of the five characteristics from the *Forman* test. Further, the complaint makes clear that they bought the stock in question so they could own and operate the restaurant themselves. Plaintiffs were the sole investors and proprietors after the sale, and any profit made in this venture would have been the result of their own efforts, not the efforts of others.

*King v. Winkler* is another relevant case, involving the sale of 100% of a heating and air conditioning business's stock. 673 F.2d 342 (11th Cir. 1982). The seller used two corporations to run the business, which was transferred by a sale of what was labeled stock. After conceding that in some cases a 100% transfer of stock could be covered by the 1934 Act, the Eleventh Circuit ruled that the case before them did not qualify for coverage under the 1934 Act because "[t]he purchasers were buying and the seller was selling a business. The stock was the vehicle of transfer. The purchasers' expectation of profit would come from their own efforts, not those of others." *Id.* at 346. The current case is also one where the sale was of an entire business and the purchasers' only expectation of profits would come from their own efforts. For this reason, and because the stocks involved do not possess any of the characteristics of the *Forman* test, the plaintiffs' complaint does not fall under the purview of the 1934 Act. Therefore, federal question

jurisdiction does not exist.  That does not, however, end the inquiry.

The claims may still come before this court if the parties satisfy the diversity requirements of 28 U.S.C. §1332.  Accordingly, the parties shall now have the opportunity to file any motions and briefs to this court concerning diversity jurisdiction or lack thereof.  Any initial motions or briefs should be filed by November 14, 2008, with responses  due on November 28, 2008, and replies due on December 5, 2008.

**V.      Conclusion**

Plaintiff's claims do not fall under the coverage of the 1934 Act.  However, the issue of diversity jurisdiction is yet to be decided.  Defendant's motion to dismiss is hereby GRANTED in part and DENIED in part.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October 2008.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*