UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-22048-CIV COOKE/BANDSTRA

JEAN-MARC VUJASIN,
DAVY VUJASIN,

    *Plaintiffs*,

v.

CHEF VINCENT, INC.,
VINCENT THILLOY

    *Defendants*,
_____/

## ORDER DENYING MOTION TO DISMISS
## FOR LACK OF DIVERSITY JURISDICTION

**THIS MATTER** is before the court upon Defendant's Motion to Dismiss for lack of subject matter jurisdiction [DE 9]. This motion was previously ruled on, the Court finding that it lacked federal question jurisdiction but requiring additional briefing on whether there is diversity jurisdiction. Currently pending are Plaintiffs' Motion for Reconsideration regarding federal question jurisdiction [DE 28], and the question of diversity jurisdiction. This order resolves the issue of diversity jurisdiction, and a separate order on the Motion for Reconsideration will follow.

Upon further briefing by the parties, the Court no longer has any doubt that diversity jurisdiction exists. The United States Code, 28 U.S.C. §1332, states, in relevant part, that

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> For the purposes of this section, section 1335, and section 1441, an

>    alien admitted to the United States for permanent residence shall
>    be deemed a citizen of the State in which such alien is domiciled.

Plaintiffs have alleged, and supported with documentary evidence, that they are citizens of France, residing in Florida pursuant to an E-2 visa. Defendant has not contested these documents or that Plaintiffs entered and remain in the United States subject to their E-2 visas. In essence, Defendant argues that because the Plaintiffs *reside* in Florida, diversity is defeated. This, however, is not the position the law takes.

"'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989) (citations omitted); see *Jaisinghani v. Capital Cities/ABC, Inc.*, 973 F.Supp. 1450, 1453 (S.D. Fla. 1997) ("The concept of 'domicile' must be distinguished from that of 'residence;' a person can have only one domicile, but may have many residences.") (citing *Holyfield*, 490 U.S. at 48). "A person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla.. 2001). To establish domicile, there must be physical presence in a place with the concurrent intent to remain there indefinitely. *See Scoggins v. Pollock,* 727 F.2d 1025, 1026 (11th Cir.1984).

Importantly, "only 'an alien admitted to the United States for permanent residence' may be deemed a citizen of a state and even then the state of which the alien is a citizen is that of the alien's domicile, not mere residence.*" Krause v. Forex Exchange Market, Inc.,* 356 F. Supp. 2d 332, 337 (S.D.N.Y. 2005).[1] Moreover, several cases have found that aliens not admitted for

---

[1] The Court is not aware of any binding precedent directly on point. However, the Court also could not locate any cases with a holding contrary to that in *Krause*.

permanent residence, despite physical presence and a clear intent to remain, are still aliens for purposes of diversity.  *See, e.g., Kato v. County of Westchester*, 927 F. Supp. 714, 717 (S.D.N.Y. 1996) (holding that "a Japanese Citizen present in the United States on an E-2 visa . . . is not admitted for permanent residence in the United States [and] is [to be] treated as an alien for diversity purposes," and rejecting the argument that extensive and decades long social, business and financial contacts and connections with the New York community should alter that result).

I agree with Plaintiffs that, as aliens residing in the United States on E-2 visas and not permanent residents, they are not considered to be citizens of Florida nor domiciled in Florida for purposes of diversity jurisdiction.  Accordingly, Defendants' Motion to Dismiss for lack of diversity jurisdiction is **DENIED**.  Plaintiffs' request for attorney's fees and costs in connection to opposing Defendant's Motion to Dismiss is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of March 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*